IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| IN RE: KENNETH WEAVER, JR. | ) ) ) ) CIVIL NO. 12-0037-CG-B ) ) ) |

# ORDER

This matter is before the court on the bankruptcy appeal of Charles Bedgood, doing business as Fletcher Smith Service Station ("Fletcher Smith"). (Doc. 4, p. 5). On June 30, 2011, Bedgood filed a $16,013.02 claim in Kenneth Weaver, Jr.'s Chapter 13 bankruptcy proceeding .[1] (Bankruptcy Doc. 80). Weaver filed an objection to Bedgood's claim in which Weaver asserted that the debt in question was a corporate and not a personal debt. (Bankruptcy Doc. 62). After a hearing on November 16, 2011, the bankruptcy judge determined that the debt was a corporate debt and not a personal debt and disallowed Bedgood's claim. (Bankruptcy Doc. 80).

This court disagrees and, as explained infra, finds that Weaver's objection to the claim did not contain the requisite "substantial factual basis" necessary to overcome the presumption of validity enjoyed by Bedgood. Accordingly, the decision of the bankruptcy court is due to be reversed.

---

[1] See case number 11-01916, United States Bankruptcy Court for the Southern District of Alabama.

## FACTUAL BACKGROUND

Although neither party states precisely when, at some point in late 2008 or January of 2009, Weaver approached Bedgood and asked to be able to purchase fuel on credit for his business, KW Trucking, Inc., as well as for himself, his wife and his daughter. (Doc. 2, pp. 12-13). Bedgood agreed, and thereafter, Weaver and members of his family used the account to purchase fuel. See Debtor's Ex. 1; Doc. 2, p. 13. Approximately one year's worth of invoice slips, dating from January 2009 through December 2009, reflect that Weaver and a number of other people signed for fuel on Weaver's account, including members of Weaver's family. (Debtor's Ex. 1), (Doc. 2, p. 15). Weaver generally paid Bedgood by a check drawn on the corporate bank account of KW Trucking, Inc. Id. at 17. This arrangement came to a presumably abrupt end in October 2010, when Weaver presented a check to Bedgood in the amount of $16,054.06, which was later returned due to insufficient funds. Debtor's Ex. 2. On May 12, 2011, Weaver filed a voluntary Chapter 13 bankruptcy petition in the U.S. Bankruptcy Court for the Southern District of Alabama. (Bankruptcy Doc. 1). Bedgood's claim and Weaver's objection soon followed.

## STANDARD OF REVIEW

"In reviewing a bankruptcy court judgment as an appellate court, the district court reviews the bankruptcy court's legal conclusions de novo. The district court must accept the bankruptcy court's factual findings unless they are clearly erroneous, and give due regard to the bankruptcy court's opportunity to judge the credibility of the witnesses." In re Englander, 95 F.3d 1028, 1030 (11th Cir. 1996).

## STATEMENT OF THE LAW

A verified proof of claim against the bankruptcy estate is presumed valid until the debtor objects. 11 U.S.C. § 502(a).  The objection must contain some substantial factual basis to support its allegation of impropriety, and overcome the creditor's prima facie case.  In re Bagget Bros. Farm Inc., 315 Fed. Appx. 840, 843 (11th Cir. 2009) (quoting Matter of Mobile Steel Co., 563 F.2d 692, 701 (5th Cir. 1977) and Matter of Multiponics, Inc., 622 F.2d 709, 714 (5th Cir. 1980)) (quotation marks omitted).  If the debtor satisfies his obligation, the burden then shifts back to the creditor "to prove the validity of the claim by a preponderance of the evidence." Id. (quoting 4 Collier on Bankruptcy ¶ 502.02[3][f] (15th ed. rev. 2007)).

## LEGAL ANALYSIS

In order to overcome the presumption of validity that attaches to Bedgood's claim, Weaver offered several dozen Fletcher Smith invoice slips indicating that multiple people charged fuel onto KW Trucking's account (Doc. 2, Debtor's Ex. 1), plus a photocopy of the $16,054.06 check that Weaver gave to Bedgood. (Doc. 2, Debtor's Ex. 2).  Most of the slips say "KW Trucking" on them (although at least two dozen say simply "KW"), and the check clearly states that the account was in the name of "KW Trucking, Inc." Id.  Weaver also submitted a printed report from the Alabama Secretary of State's online corporate database, which demonstrates that KW Trucking is a domestic Alabama corporation.  (Doc. 2, Debtor's Ex. 3).  These exhibits are the only record evidence offered by Weaver.

Bedgood's testimony, on the other hand, constitutes prima facie evidence that (1) an oral agreement existed between Bedgood and Weaver whereby Weaver would purchase fuel on credit and that (2) Weaver established the account at Fletcher Smith at least in part for his and his family's personal use. (Doc. 2, p. 12:16-18). Weaver's evidence does not contradict this testimony. The fact that Weaver generally paid Bedgood from his company's corporate checking account, and offered a bad check written from that account, or that Fletcher Smith employees hand-wrote "KW Trucking" on most of the fuel invoice slips may be circumstantial evidence that the debt was one of the corporation, but those facts do not necessarily negate Bedgood's sworn testimony in support of his claim as to the agreement between the parties. That testimony is the only evidence of what the agreement was between Bedgood and Weaver concerning the account. Although present at the hearing, Weaver chose not to testify concerning the credit arrangement.

Weaver attempts to controvert Bedgood's testimony with arguments that are unsupported, conclusory, and factually incorrect, such as his assertion that "Bedgood offered no evidence of an oral or written contract," (Doc. 5, p. 6), and his assertion that "there was no testimony given as to an agreement for the credit extended by Bedgood to KW Trucking, Inc." Id. These statements overlook Bedgood's testimony before the bankruptcy court, in which he stated that Weaver approached him and said that he wanted to open the account for his use and that of his wife, daughter, and family. (Doc. 2, p. 12:16-18 and p. 13:1-10). Weaver also asserted in his brief that "there was no testimony that [Weaver's] family did not work for the Corporation." (Doc. 5, p. 5). In fact, Bedgood did testify that Weaver's wife and children did not work for KW Trucking, Inc. (Doc. 2, p. 13). This

4

testimony was neither impeached nor contradicted by other testimony.  Finally, Weaver states that "the State Court" ruled that his account at Fletcher Smith constituted a corporate debt rather than a personal debt, (Doc. 5, p. 6), when in fact the Circuit Court of Mobile County stayed the civil proceeding upon the suggestion of Weaver's bankruptcy and made no legal findings at all.  (Doc. 6, p. 10).  And the only evidence concerning the criminal charge filed in connection with the "bad" check was that "the judge said it was a civil matter." (Doc. 2, p. 11:21)

      Thus, the court finds that Weaver has not offered a "substantial factual basis" to contradict Bedgood's testimony before the bankruptcy court, and Bedgood's claim still enjoys its initial validity.  See In re Bagget Bros. Farm, supra.   In addition, even if Weaver did show a "substantial factual basis" to contradict the claimant's case, the preponderance of the evidence indicates that the agreement between the parties, which determines the nature of the debt, was that the account was personal to Weaver, on behalf of his family and his business.  Accordingly, for the reasons enumerated above, this court finds that the ruling of the bankruptcy judge is due to be **REVERSED**, and Bedgood's claim in the amount of $16,013.02 is hereby **ALLOWED**.

      **DONE** and **ORDERED** this  10th day of April 2012.

                                   /s/  Callie V. S. Granade
                                   UNITED STATES DISTRICT JUDGE